UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

ROBERT L. SWINTON, JR.,

                                                                                    DECISION
                                        Plaintiff,                            and
                          v.                                                      ORDER

LIVINGSTON COUNTY,                                          15-CV-00053A(F)
LIVINGSTON COUNTY JAIL,
MONROE COUNTY,
MONROE COUNTY JAIL,
NURSE SCHINSKI,
NURSE YUNKER,
CHIEF DEPUTY YASSO,
CORPORAL SLOCUM, and
DEPUTY FORRESTER,

                                        Defendants.
_____

APPEARANCES:          ROBERT L. SWINTON, JR., *Pro Se*
                                   Steuben County Jail
                                   7007 Rumsey Street Ext.
                                   Bath, New York  14810

                                   WEBSTER SZANYI, LLP
                                   Attorneys for Defendants
                                   MICHAEL P. McCLAREN,
                                   FLORINA ALTSHILER, and
                                   RYAN G. SMITH, of Counsel
                                   1400 Liberty Building
                                   Buffalo, New York  14202

## JURISDICTION

This case was referred to the undersigned on April 15, 2015, by Honorable

Richard J. Arcara for all pretrial matters.  The matter is presently before the court on

several motions filed by Plaintiff including motions to amend, stay, for a rehearing, and a

change in venue (Doc. No. 19), filed May 29, 2015, to compel (Doc. No. 20), filed June

4, 2015, to amend to correct claim amounts (Doc. No. 30), filed June 19, 2015, to

amend to join parties (Doc. No. 37), filed July 6, 2015, for sanctions (Doc. No. 57), filed

September 10, 2015, and to expedite the motion to amend to join parties (Doc. No. 66),

filed December 14, 2015.

## BACKGROUND and FACTS[1]

Plaintiff Robert L. Swinton, Jr. ("Plaintiff" or "Swinton"), proceeding *pro se*,

commenced this civil rights action pursuant to 42 U.S.C. § 1983, alleging violations of

his First and Eighth Amendments by Defendants in connection with the asserted failure

to provide adequate dental treatment of tooth abscesses, and failed to provide an

adequate law library to permit Plaintiff to file a grievance regarding Defendants' denial of

adequate medical care and to challenge an earlier, unrelated conviction in Florida.[2]

Defendants to this action include Livingston County and Monroe County ("Defendant

Counties"), Livingston County Jail and Monroe County Jail ("Defendant Jails"), Nurse

Schinski ("Schinski"), Nurse Yunker ("Yunker"), Chief Deputy Yasso ("Yasso"), Corporal

Slocum ("Slocum"), and Deputy Forrester ("Forrester").  By Decision and Order filed

March 17, 2015 ("D&O"), District Judge Richard J. Arcara dismissed with prejudice the

action as against Defendant Counties on the basis that Plaintiff had failed to plead the

challenged actions were performed pursuant to a municipal policy or custom as required

to establish municipal liability on a theory of *respondeat superior*, D&O at 4-5, and 7,

dismissed with prejudice all claims against Defendant Jails as departments that are

merely administrative arms of the county without separate legal identity, *id.* at 5 and 7,

dismissed with prejudice all claims against the remaining Defendants in their official

---

[1] The Facts are taken from the pleadings and motion papers filed in this action.
[2] The precise nature of the Florida conviction and Plaintiff's challenge to the same is not clearly stated in the record.

capacity, *id.* at 5-6, and 7, and construed Plaintiff's claim against Yasso for discriminatory application of state law, which is not recognized under 42 U.S.C. § 1983, as a First Amendment retaliation claim for filing complaints. *Id.* at 6. The action was otherwise allowed to continue as against Defendants Forrester, Schinski, Slocum, Yasso and Yunker (together, "Defendants"), who, on April 13, 2015, filed an answer (Doc. No. 7).

On May 29, 2015, Plaintiff filed a motion (Doc. No. 19) ("First Motion"), seeking leave to amend the Complaint, to stay decision in this matter pending the amendment of the Complaint, reconsideration of Judge Arcara's March 17, 2015 D&O, and a change of venue. On June 4, 2015, Plaintiff filed a motion (Doc. No. 20) ("Second Motion"), to compel discovery. On June 19, 2015, Plaintiff filed a motion (Doc. No. 30) ("Third Motion"), for leave to amend the complaint. On July 6, 2015, Plaintiff filed a motion (Doc. No. 37) ("Fourth Motion"), to join other parties as Defendants. In opposition to Plaintiff's First, Second, and Third Motions, Defendants filed on July 24, 2015, the Declaration of Ryan G. Smith, Esq. (Doc. No. 45) ("First Smith Declaration"), attaching exhibit A (Doc. No. 45-1) ("First Smith Declaration Exh. A"), and the Memorandum of Law (Doc. No. 45-2) ("Defendants' First Memorandum"). In opposition to Plaintiff's Fourth Motion, Defendants filed on August 7, 2015, the Declaration of Ryan G. Smith, Esq. (Doc. No. 52) ("Second Smith Declaration"). On September 10, 2015, Plaintiff filed a motion (Doc. No. 57) ("Fifth Motion"), for sanctions based on Defendants' alleged failure to comply with discovery. In opposition to Plaintiff's Fifth Motion, Defendants filed on October 14, 2015, the Declaration of Ryan G. Smith, Esq. (Doc. No. 62) ("Third Smith Declaration"). In further support of the Fifth Motion, Plaintiff filed on November

13, 2015 a Declaration (Doc. No. 63) ("Plaintiff's First Declaration").  On December 14,

2015, Plaintiff filed a motion (Doc. No. 66) ("Sixth Motion"), seeking an expedited

hearing and joinder of additional defendants.  In opposition to the Sixth Motion,

Defendants filed on January 22, 2016, the Declaration of Ryan G. Smith, Esq. (Doc. No.

72) ("Fourth Smith Declaration").  In further support of the Fourth and Sixth Motions,

Plaintiff filed on January 29, 2016, a Declaration (Doc. No. 73) ("Plaintiff's Second

Declaration").  Oral argument was deemed unnecessary.

Based on the following, Plaintiff's First Motion is DENIED in part and DISMISSED

as moot in part; Plaintiff's Second, Third, Fourth, and Sixth Motions are DENIED, and

Plaintiff's Fifth Motion is GRANTED in part and DENIED in part.

## DISCUSSION

**1.     Stay of Judgment and Rehearing**

Plaintiff, in his First Motion, requests implementation of the D&O be stayed

pending a rehearing.  First Motion at 2-3.  In opposition, Defendants argue no Federal

or Local Rule of Civil Procedure provides for such relief.  First Smith Declaration ¶ 19.

Preliminarily, the court observes that no hearing was ever held prior to the March 17,

2015 D&O, and the court thus construes the First Motion as seeking a stay of the D&O

and reconsideration of the D&O.  A motion for reconsideration or reargument must be

made "no later than twenty-eight (28) days after the entry of the challenged judgment,

order, or decree and, pursuant to Fed.R.Civ.P. 6(b)(2), no extension of time will be

granted."  Local Rules of Civil Procedure – WDNY, Rule 7(d)(3) ("Local Rule 7(d)(3)").

As relevant, Fed.R.Civ.P. 6(b)(2) ("Rule 6(b)(2)"), provides that "a court must not extend

the time to act under Rule[ ] . . . . 59(e) . . . ."  Fed.R.Civ.P. 6(b)(2).  Further,

Fed.R.Civ.P. 59(e) ("Rule 59(e)"), states that "[a] motion to alter or amend a judgment

must be filed no later than 28 days after the entry of the judgment."  Fed.R.Civ.P. 59(e).

Accordingly, because the D&O was filed March 17, 2015, Plaintiff's request for

reconsideration, filed May 29, 2015, was filed well beyond the 28 days in which Plaintiff

had to make the request per Local Rule 7(d)(3), and Rule 59(e).  Further, pursuant to

Local Rule 7(d)(3) and Rule 6(b)(2), no extension of the 28 days is permitted.

Accordingly, Plaintiff's request for reconsideration of the D&O is DENIED.

Further, the denial of Plaintiff's request for reconsideration of the D&O renders the

accompanying request to stay moot and such request is DISMISSED as such.

## 2.    Change in Venue

In his First Motion, Plaintiff seeks a change in venue for this action, asserting that

there is a strong possibility of bias if the action remains in this court because the

conduct alleged in this action occurred within the Western District of New York, where

another action Plaintiff filed the same date as the instant action, *i.e.*, *Swinton v. U.S.

Marshal Service*, 15-CV-47 ("Case 15-CV-00047"), based on the same conduct alleged

in the instant action, is also pending.  First Motion at 3-4.  In opposition, Defendants

assert that Plaintiff points to no legal authority supporting the requested change of

venue, but maintain Defendants are not opposed to consolidating this action with

Plaintiff's other action.  First Smith Declaration ¶¶ 20-22.

As relevant here, "[f]or the convenience of parties and witnesses, in the interest

of justice, a district court may transfer any civil action to any other district or division

where it might have been brought or to any district or division to which all parties have

consented." 28 U.S.C. § 1404(a) ("§ 1404(a)").  "In deciding a motion to change venue, the court should consider '(1) the convenience of the witnesses, (2) the convenience of the parties, (3) the locus of operative facts, (4) the availability of process to compel the attendance of unwilling witnesses, (5) the location of relevant documents and the relative ease of access to sources of proof, (6) the relative means of the parties, (7) the forum's familiarity with the governing law, (8) the weight accorded plaintiff's choice of forum, and (9) trial efficiency and the interest of justice' based on the totality of the circumstances." *Abromats v. Abromats*, 2016 WL 929338, at *2 (W.D.N.Y. Mar. 11, 2016) (quoting *Invivo Research, Inc. v. Magnetic Resonance Equipment Corp.*, 119 F.Supp.2d 433, 436 (S.D.N.Y. 2000)).  "'No one factor is determinative; rather the court, pursuant to its discretion, equitably balances the above factors in ruling upon a motion to change venue.'" *Id.* (quoting *Praxair, Inc. v. Morrison Knudsen Corp.*, 2001 WL 118585, at * 2 (W.D.N.Y. Feb. 6, 2001)).  In the instant case, not only does it appear that none of these nine factors would be advanced by changing this action's venue, but the court need not consider these factors because Plaintiff has failed to identify the district to which he seeks to transfer the case such that it is not possible to determine whether a transfer to the unidentified district would comport with § 1404(a)'s requirement that a transferee district be one where the action "might have been brought."  Further, Defendants' opposition to Plaintiff's attempt to change venue establishes Defendants have not consented to such a change.

Accordingly, Plaintiff's First Motion is DENIED as to the request to change venue.[3]

---

[3] In the absence of a properly filed and supported motion to consolidate this action with Case 15-CV-00047, the court does not consider the suggestion by Defendants (First Smith Declaration ¶¶ 20-22).

### 3.     Amendment of Pleadings

Plaintiff makes several requests to amend the Complaint including, (1) to allege a First Amendment violation against Defendant Yasso for denying Plaintiff the right to seek redress of grievances through a grievance to DOCSS's Commissioner, First Motion ¶ 5; (2) to specify the amount of damages Plaintiff seeks against Defendants Schinski, Yunker, Yasso, Slocum and Forrester, Third Motion at 2-3; (3) to reassert claims previously dismissed by Judge Arcara in the D&O, First Motion ¶¶ 2-5; Fourth Motion at 1-3; and (4) to join several additional medical treating sources as Defendants. Fourth Motion ¶¶ 2-3; Sixth Motion ¶¶ 1-3.  In opposition, Defendants argue Plaintiff should not be permitted to amend the Complaint to re-assert claims Judge Arcara has already dismissed with prejudice, Defendants' First Memorandum at 2-4; Second Smith Declaration ¶ 3-6, the amendments Plaintiff seeks to assert should be denied as futile, *id.* at 5, Plaintiff's requests to amend should be denied because Plaintiff failed to file a proposed amended complaint as required under Local Rule of Civil Procedure 15, *id.* at 6; and Plaintiff has failed to sufficiently identify the basis for his request to join the parties Plaintiff seeks to add as defendants such that Defendants are unable to respond to the Sixth Motion on the merits.  Fourth Smith Declaration ¶¶ 3-5.

Plaintiff's time to amend once as a matter of course expired, pursuant to Fed.R.Civ.P. 15(a)(1)(B),  21 days after service of the Answer by Defendants Forrester, Schinski, Slocum, Yasso, and Yunker on April 13, 2015, such that even the request for leave to amend asserted in Plaintiff's First Motion, filed May 29, 2015, requires leave to amend.  Generally, leave to file an amended complaint should be freely granted. *Randolph v. Lindsay*, 837 F.Supp.2d 160, 161 (W.D.N.Y. 2011).  The district court,

7

however, "has the discretion to deny leave if there is a good reason for it, such as futility, bad faith, undue delay, or undue prejudice to the opposing party." *Jin v. Metropolitan Life Ins. Co.*, 310 F.3d 84, 101 (2d Cir. 2002).  Preliminarily, the court addresses Defendants' argument that all of Plaintiff's motions seeking leave to file an amended complaint should be denied based on Plaintiff's repeated failure to attach a copy of the proposed amended complaint to his motions as required by Local Rule of Civil Procedure – WDNY 15 ("Local Rule 15").  Defendants' First Memorandum at 6; First Smith Declaration ¶ 28; Second Smith Declaration ¶¶ 2, 7.  Plaintiff has not responded to this argument.

As relevant, Local Rule 15 provides

A movant seeking to amend or supplement a pleading must attach an unsigned copy of the proposed amended pleading as an exhibit to the motion.  The proposed amended pleading must be a complete pleading superseding the original pleading in all respects.  No portion of the prior pleading shall be incorporated into the proposed amended pleading by reference.

Local Rules of Civil Procedure – WDNY Rule 15(a).

"[W]hile a *pro se* litigant's pleadings must be construed liberally . . . *pro se* litigants generally are required to inform themselves regarding procedural rules and to comply with them." *Edwards v. I.N.S.*, 59 F.3d 5, 8 (2d Cir. 1995).  Where, however, as here, Plaintiff fails to file a proposed amended complaint setting forth both the present claims against the named Defendants as well as the additional claims Plaintiff seeks to assert against the named Defendants and any proposed defendants as required by Local Rule 15(a), the "failure to submit a propose amended complaint constitutes sufficient grounds to deny a motion to amend." *Murray v. New York*, 604 F.Supp.2d 581, 588 (W.D.N.Y. 2009) (citing *LaBarbara v. Ferran Enterprises, Inc.*, 2009 WL 367611, at *3 (E.D.N.Y.

Feb. 10, 2009) ("In order to meet the requirements of particularity in a motion to amend, a complete copy of the proposed amended complaint must accompany the motion so that both the court and the opposing party can understand the exact changes sought.")). Although where "the movant's papers adequately explain the basis for, and nature of, the proposed amendment, [ ], the failure to attach a proposed amended complaint to the motion is not necessarily fatal," *Murray*, 604 F.Supp.2d at 577, in the instant case the papers filed by Plaintiff in support of his requests for leave to file an amended complaint fail to sufficiently specify the nature of the claims he seeks to assert such that the court is unable to overlook Plaintiff's noncompliance with Local Rule 15(a) requiring attaching to the motions to amend a copy of the proposed amended complaint.

In particular, Plaintiff's Third Motion seeks to file an amended complaint specifying the amount of damages he seeks to recover from each Defendant remaining in the case.  Plaintiff's Third Motion at 1-2.  Such damages are, however, already alleged in the Complaint, with the exception of an additional $ 25,000 Plaintiff seeks each from Defendants Schinski and Yunker, without any explanation for the increased damages sought.  Accordingly, the court is unable to overlook Plaintiff's non-compliance with Local Rule 15(a) with regard to the increased damages Plaintiff seeks from Defendants Schinski and Yunker and Plaintiff's Third Motion is thus DENIED as to the request.

In his Sixth Motion, Plaintiff seeks to add as defendants Correct Care Solutions ("CCS"), Dr. Maximillian Chung ("Dr. Chung"), and Charles Thomas, DDS ("Dr. Thomas").  Plaintiff's Sixth Motion ¶¶ 3(a)-(c).  According to Plaintiff, it was not until Plaintiff received certain medical records from Defendants in response to Plaintiff's

discovery requests that Plaintiff became aware that the medical and dental care plaintiff received in June 2015, and of which he complains in the instant action, was provided not by the Monroe County Jail, but by CCS. *Id.* ¶ 2. Defendants oppose permitting Plaintiff to file an amended complaint naming CCS, Dr. Chung, and Dr. Thomas as defendants because Plaintiff, in his Sixth Motion, has failed to sufficiently identify the factual basis for asserting civil rights claims against such putative defendants such that Defendants are unable to respond to the merits of such claims. Fourth Smith Declaration ¶¶ 3-5. In further support of the Sixth Motion, Plaintiff explains that it was Dr. Chung and Dr. Thomas, working on behalf of CCS, who initially assessed and denied proper treatment for Plaintiff's tooth abscesses while Plaintiff was incarcerated in Monroe County Jail, Plaintiff's Second Declaration ¶ 2, and Drs. Chung and Thomas also observed, and thus were witnesses to, Plaintiff's condition when Plaintiff was transferred to Livingston County Jail, *id.* ¶ 3, such that Plaintiff's deliberate indifference claim can also be asserted against CCS, and Drs. Chung and Thomas. *Id.* ¶ 4.

Although not artfully stated, the court gleans from Plaintiff's Second Declaration that he seeks in his Sixth Motion to file an amended complaint alleging it was Drs. Chung and Thomas, while employed by CCS, who initially diagnosed, yet failed to adequately treat, Plaintiff's tooth abscesses while Plaintiff was incarcerated in Monroe County Jail. Even considering the statements in Plaintiff's Second Declaration, however, it appears doubtful that Plaintiff's proposed claims against CCS and Drs. Chung and Thomas, based on the paucity of supporting factual allegations, could withstand a motion to dismiss pursuant to Fed.R.Civ.P. 12(b)(6), and, as such, should be not be permitted. *See Milanese v. Rust-Oleum Corp.*, 244 F.3d 104, 110 (2d Cir.

2001) ("leave to amend will be denied as futile only if the proposed new claim cannot withstand a 12(b)(6) motion to dismiss for failure to state a claim . . . .").  Accordingly, Plaintiff's Sixth Motion is DENIED.

In his First and Fourth Motions, Plaintiff seeks to file an amended complaint joining as defendants Livingston County, Livingston County Jail, Monroe County, and Monroe County Jail, and reinstating the claims against Defendants Forrester, Schinski, Slocum, Yasso, and Yunker in their official capacity.  Plaintiff's First Motion ¶¶ 2-5; Fourth Motion at 1.  According to Plaintiff, in dismissing the same civil rights claims asserted in the Complaint, Judge Arcara failed to liberally construe the Complaint in light of Plaintiff's *pro se* status.  *Id.* ¶¶ 1-6.  Defendants oppose permitting Plaintiff to file an amended complaint re-alleging the same claims that have already been dismissed with prejudice, Defendants' First Memorandum at 2-5; First Smith Declaration ¶¶ 12-14, 23-31, Second Smith Declaration ¶¶ 2-3, and argue that Plaintiff's Fourth Motion should also be denied as essentially a duplication of Plaintiff's First Motion.  Second Smith Declaration ¶¶ 5-6.  As stated, Background and Facts, *supra*, at 2-3, Judge Arcara dismissed with prejudice all claims as against Defendant Counties on the basis that Plaintiff had failed to plead the challenged actions were performed pursuant to a municipal policy or custom as required to establish municipal liability on a theory of *respondeat superior*, D&O at 4-5, and 7, against Defendant Jails as departments that are merely administrative arms of the county without separate legal identity, *id.* at 5 and 7, and against the remaining Defendants in their official capacity, *id.* at 5-6, and 7. Judge Arcara's denial of such claims with prejudice is now the law of the case.

Accordingly, insofar as Plaintiff seeks in his Fourth Motion to file an amended complaint reasserting such claims, the Fourth Motion is DENIED.

Accordingly, Plaintiff's First, Third, Fourth and Sixth Motions are DENIED insofar as they seek leave to file a proposed amended complaint.  Further, except for the claims already dismissed by Judge Arcara with prejudice, the denial of the motions is without prejudice to Plaintiff again moving for leave to file an amended complaint provided any such motion fully complies with Local Rule 15(a).

## 4.    Discovery and Sanctions

Plaintiff, in his Second Motion filed June 4, 2015, moved "to Compel defendants . . . to answer all interrogatories."  Second Motion at 2.  Defendants argue in opposition that when Plaintiff filed his Second Motion, Plaintiff had yet to serve any interrogatories until June 16, 2015, *see* Interrogatories Propounded to Yunker (Doc. No. 25), Forrester (Doc. No. 26), Schinski (Doc. No. 27), Slocum (Doc. No. 28), and Yasso (Doc. No. 29), all filed June 19, 2015 (collectively, "Interrogatories"), such that Plaintiff's Second Motion is premature insofar as it seeks to compel Defendants to answer then unserved interrogatories.  First Smith Declaration ¶¶ 5-7.  Plaintiff does not dispute Defendants' opposing argument and, accordingly, Plaintiff's Second Motion is DENIED.

In his Fifth Motion, filed September 10, 2015, after Plaintiff served Defendants with his "Definitions and Clarifications of Interrogatories" (Docs. Nos. 47-51) ("Clarifications"), filed August 5, 2015, Plaintiff asserts Defendants have failed to fully answer the Interrogatories, as clarified, and seeks court-ordered sanctions for such failure.  Fifth Motion ¶¶ 1-4.  In opposition, Defendants argue Plaintiff has not, and cannot, establish that Defendants failed to properly respond to Plaintiff's Interrogatories,

let alone that Defendants acted willfully or in bad faith because Defendants provided responses to the Interrogatories and Plaintiff failed to confer in good faith prior to filing the Fifth Motion.  Third Smith Declaration ¶ 3.  Defendants further maintain there is no basis for imposing sanctions because Plaintiff's objections to Defendants' responses to the Interrogatories are actually objections to Defendants' responses to Plaintiff's various "clarifications" of the Interrogatories, essentially amounting to nothing more than "personal disagreement with the substantive content of the interrogatory responses notwithstanding [Defendants'] objections to those interrogatories."  *Id.* ¶¶ 10. Defendants state that upon receiving Plaintiff's clarifications, they reviewed their responses to the Interrogatories, determined the responses were sufficient and in compliance with Fed.R.Civ.P. 33(b), and thus declined to provide supplemental responses, advising Plaintiff of their decision by letter dated August 14, 2015 (Doc. No. 56-1) ("August 14, 2015 Letter").

According to the papers filed in this action, the Interrogatories Plaintiff served on Defendants on June 15, 2015, were answered by each Defendant on July 20, 2015. *See* Interrogatory Responses (Docs. Nos. 39-43) ("Interrogatory Responses"), filed July 20, 2015.  Although Defendants assert objections to most of the Interrogatories, despite such assertions, Defendants also provided answers.  On August 5, 2015, Plaintiff filed his Clarifications as to each Defendant (Docs. Nos. 47-51), in which Plaintiff maintains each Defendant failed to answer most of the previously served Interrogatories.  *See*, *e.g.*, Doc. No. 47 (repeatedly asserting Defendant Yasso failed to answer each of the interrogatories in violation of Rule 33(b)(3)).  Defendants then reviewed each of their Interrogatory Responses, advising Plaintiff by the August 14, 2105 Letter that

Defendants believed they sufficiently answered the Interrogatories because, despite stating objections to many of the Interrogatories, Defendants nevertheless provided answers to most of the Interrogatories, and Defendants thus were declining to supplement the Interrogatory Responses.  August 14, 2015 Letter.  Defendants further maintain many of Plaintiff's objections are solely attributed to Plaintiff's disagreement with the Interrogatory Responses which is insufficient to warrant imposing sanctions.  *Id.*

In responding to interrogatories, Defendants may not rely on generalized objections that each of Plaintiff's Interrogatories is "vague, ambiguous and overly broad. . . " and "seeks information that is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence."  *In re Priceline.com, Inc. Sec. Litig.*, 233 F.R.D. 83, 85 (D.Conn. 2005) (citing *Compagnie Francaise d'Assurance Pour le Commerce Exterieur v. Phillips Petroleum Co.*, 105 F.R.D. 16, 42 (S.D.N.Y. 1984)); *Burns v. Imagine Films Entertainment, Inc.*, 164 F.R.D. 594, 598 (W.D.N.Y. 1996). Defendants instead must explain "specifically how, despite the broad and liberal construction afforded the federal discovery rules, each [request] is not relevant, or how each question is overly broad, burdensome or oppressive by submitting affidavits or offering evidence regarding the nature of the burden."  *In re Priceline.com, Inc. Sec. Litig.*, 233 F.RD. at 85 (quoting *Compagnie Francaise d'Assurances*, 105 F.R.D. at 42).  General dissatisfaction with an interrogatory response will not support a finding of noncompliance.  *See Cowart v. Abdel-Razzaq*, 2010 WL 1533381, at * 3 (Apr. 15, 2010) ("An answer to an interrogatory which differs from that expected or believed to be the case by the requesting party, does not render the answer insufficient under Fed.R.Civ.P. 33(b)(3).").  Further, whether to impose sanctions for failing to comply with

discovery requests is within the District Court's discretion.  *See Petrosino v. Bell Atlantic*, 385 F.3d 210, 232 (2d Cir. 2004) (finding district court did not abuse its discretion in determining discovery sanctions were not warranted).  In particular, sanctions are warranted where the requested party's failure to respond constitutes "a serious or total failure to respond" to interrogatories, *id.* (citing *Flaks v. Koegel*, 504 F.2d 702, 705 n. 2 (2d Cir. 1974), or a failure to respond to interrogatories is "done either willfully or in bad faith."  *Id.* (citing *Daval Steel Prods. v. M/V Fakredine*, 951 F.2d 1357, 1365-67 (2d Cir. 1991)).  In the instant case, the court addresses first the Interrogatories served on Defendants Schinski (Doc. No. 27) ("Schinski Interrogatories"), and Yunker (Doc. No. 25) ("Yunker Interrogatories"), which pertain to Plaintiff's Eighth Amendment inadequate medical treatment claim, and then the Interrogatories served on Defendants Forrester (Doc. No. 26) ("Forrester Interrogatories"), Slocum (Doc. No. 28) ("Slocum Interrogatories"), and Yasso (Doc. No. 29) ("Yasso Interrogatories"), pertaining to Plaintiff's First Amendment access to court claim.

The 11 interrogatories Plaintiff served each on Defendants Schinski and Yunker, both nurses at Livingston County Jail, are largely similar.  A fair review of the responses served by Schinski (Doc. No. 40) ("Schinski Responses"), and Yunker (Doc. No. 41) ("Yunker Responses"), establishes Schinski and Yunker sufficiently explained their objections to each of their respective Interrogatories and, despite such objections, provided responses.  For example, Schinski Interrogatory No. 5 inquires why Plaintiff, while held at Monroe County Jail, was prescribed Ibuprofen 800 mg.  Despite objecting to the Interrogatory as "vague and ambiguous, and further object[ing] insofar as the request seeks expert testimony or opinion. . . [and] also object[ing] to the extent that the

request seeks information that is not within the personal knowledge or control of [Schinski]," Schinski Response No. 5, Schinski also "respectfully refers to Plaintiff's medical file, which speaks for itself." *Id.* In his Clarifications to the Schinski Interrogatories filed August 5, 2015 (Doc. No. 50) ("Schinski Interrogatory Clarifications"), however, Plaintiff characterizes Schinski's reference to Plaintiff's medical file as evading the question. Schinski Interrogatory Clarifications No. 5. As relevant, Fed.R.Civ.P. 33(d)(1) provides that a party may respond to an interrogatory by "specifying the records that must be reviewed, in sufficient detail to enable the interrogating party to locate and identify them as readily as the responding party could. . . ." Plaintiff, being both aware of the dates he was held in Monroe County Jail, and in possession of his medical records, *see* Plaintiff's Medical Records (Doc. No. 59), filed by Plaintiff on September 18, 2015, thus could determine from the medical record the reason for the Ibuprofen prescription while in Monroe County Jail.

With one exception, the Schinski Responses are sufficient even with regard to the Schinski Interrogatory Clarifications; specifically, Schiski Interrogatory No. 11 asks, "[i]s this procedure, from intake to now, how you normally care for inmate patients?" Schinscki responded by objecting to the interrogatory as "vague, ambiguous and overly broad, including its use of the phrase 'this procedure' without any further explanation or description to allow [Schinski] to identify the 'procedure' that is the subject of this interrogatory." Schinski Response No. 11. Schinski further objected that the interrogatory seeks information that is neither relevant nor reasonably calculated to lead to the discovery of relevant evidence. *Id.* Plaintiff clarifies that "[t]his question pertains to every step taken by [Schinski in care of an inmate with an oral abscess." Schinski

Clarification No. 11.  As clarified, Schinski Interrogatory No. 11 seeks relevant information and Schinski is thus directed to answer it.

The Yunker Interrogatories are largely similar to the Schinski Interrogatories, with Plaintiff asserting similar objections to Yunker's responses (Doc. No. 41) ("Yunker Responses").  Accordingly, the Interrogatory Clarifications Plaintiff seeks as to Yunker also are essentially the same as regards Schinski and, for the same reasons that the court finds the Schinski Responses are sufficient, the court also finds the Yunker Responses are sufficient, and Yunker need further reply to the Interrogatory Clarifications, with the exception of Yunker Interrogatory Clarification No. 8 which is essentially identical to Schinski Interrogatory Clarification No. 11.

Plaintiff's Fifth Motion is DENIED as to Schinski and Yunker with the exceptions of Schinski Interrogatory Clarification No. 11, and Yunker Interrogatory Clarification No. 8, for which Plaintiff's Fifth Motion is GRANTED.

Plaintiff served 25 interrogatories on Defendant Forrester, to which Forrester filed responses (Doc. No. 39) ("Forrester Responses"), a plain review of which establishes Forrester sufficiently explained any objections to the Forrester Interrogatories as well as, despite the objections, also answered the Forrester Interrogatories.  For example, Forrester Interrogatory No. 4 asks "[b]efore installation of the LexisNexis System, could a federal inmate [like Plaintiff] physically have access to a federal law library of books in this [Livingston County Jail] facility?  If so, when and how?"  Forrester responded that "Defendant objects to this request as vague and ambiguous and further objected to the extent that it seeks information that is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence.  Subject to and without waiving these

17

objections, Jail inmates could obtain access to legal resources by submitting a request for same." Forrester Response No. 4.   As such, even assuming, *arguendo*, Forrester's objection to Forrester Interrogatory No. 4 was deficient, Forrester nevertheless answered the interrogatory. Plaintiff, however, in his Clarifications to the Forrester Interrogatories filed August 5, 2015 (Doc. No. 49) ("Forrester Interrogatory Clarifications"), maintains that Forrester failed to answer Forrester Interrogatory No. 4, in violation of Fed.R.Civ.P. 33(b)(3), because the answer "evaded the question." Forrester Interrogatory Clarification No. 4. A fair reading of Forrester Response No. 4, however, establishes it sufficiently answers Forrester Interrogatory No. 4, and Plaintiff's dissatisfaction with the answer provides no basis for finding noncompliance. S*ee Cowart*, 2010 WL 1533381 at * 3. The balance of the Forrester Responses for which Plaintiff has filed Clarifications are similarly sufficient.

Plaintiff takes further issue with Forrester's Responses to Forrester Interrogatories 6, 7, 8, 10, 11, 12, 14, 17, 20, and 24, all inquiring about whether training opportunities to operate the LexisNexis kiosk were available to Livingston County Jail inmates, including Plaintiff, and whether Plaintiff's requests for assistance operating the kiosk were adequately accommodated. In responding to each of these Forrester Interrogatories, Defendants asserted the requested information is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence because Plaintiff has not alleged that any lack of training led to Plaintiff's inability to access legal resources on LexisNexis. Forrester Responses 6, 7, 8, 10, 11, 12, 14, 17, 20, and 24. In the Forrester Interrogatory Clarifications, however, Plaintiff draws the court's attention to additional allegations contained in exhibits attached to the Complaint. Forrester

Interrogatory Clarifications 6, 11.  Indeed, in a copy of a letter to one Livingston County

Sheriff Sergeant Hammond ("Hammond")[4] ("Hammond Letter"), attached as exhibit D1

to the Complaint, Plaintiff complains that he is "disinclined" to use the kiosk because of

his "ignorance" as to the kiosk's proper operation.  Hammond Letter at 1.  A liberal

construction of this statement as alleging Plaintiff did not receive adequate training as to

the kiosk's proper operation does not strain credulity.  Nevertheless, even liberally

construing the Hammond Letter as claiming Plaintiff was not properly trained on the

kiosk is insufficient to require Forrester to respond to the Forrester Clarifications

because Plaintiff, in the Hammond Letter, specifically asserts that the federal legal

materials Plaintiff maintains he needs are not available through the LexisNexis kiosk.

*See*, *e.g.*, Hammond Letter at 1 (asserting Plaintiff has "been working with the Kiosk

machine, trying to learn it and I have discovered that this cannot be Federal minimum

standards because it's missing the basic statutes of Federal law").  Accordingly, no

amount of training would have helped Plaintiff find federal law on the kiosk, and

Forrester's objection that such Interrogatories are neither relevant nor reasonably

calculated to lead to the discovery of admissible evidence is correct.

The Slocum Interrogatories and the Yasso Interrogatories are largely similar to

the Forrester Interrogatories, with Plaintiff asserting similar objections to their respective

responses (Doc. No. 42 ("Yasso Responses"), and Doc. No. 43 ("Slocum Responses").

Accordingly, the Interrogatory Clarifications Plaintiff seeks as to Slocum and Yasso also

are essentially the same as regards Forrester.  For the same reasons that the court

finds the Forrester Responses are sufficient, the court also finds the Slocum and Yasso

Responses are sufficient, and neither Slocum nor Yasso need further reply to the

---

[4] Hammond has not been named a Defendant to this action.

Interrogatory Clarifications.  Plaintiff's Fifth Motion thus is DENIED as to Forrester, Slocum and Yasso.

Moreover, insofar as the Clarifications were incomplete, *i.e.*, Schinski Interrogatory Clarification No. 11, and Yunker Interrogatory Clarification No. 8, the responses were not so incomplete as to constitute "a serious or total failure to respond," nor has Plaintiff established such failure was "done either willfully or in bad faith." *Petrosino*, 385 F.3d at 232.  As such, Plaintiff's Fifth Motion is DENIED as to the request that any Defendants be sanctioned for failing noncompliance with Plaintiff's Interrogatories and Clarifications.

## CONCLUSION

Based on the foregoing, Plaintiff's First Motion is DENIED in part and DISMISSED as moot in part; Plaintiff's Second, Third, Fourth and Sixth Motions (Docs. Nos. 20, 30, 37, and 66), are DENIED; Plaintiff's Fifth Motion is GRANTED in part and DENIED in part.  Defendants should provide supplemental answers to Schinski Interrogatory Clarification No. 11, and Yunker Interrogatory Clarification No. 8, which shall be provided **within 30 days**.

SO ORDERED.

/s/ *Leslie G. Foschio*

_____
LESLIE G. FOSCHIO
UNITED STATES MAGISTRATE JUDGE

DATED:      March 17, 2016
            Buffalo, New York

Any appeal of this Decision and Order must be taken by filing written objection with the Clerk of Court not later than 14 days after service of this Decision and Order in accordance with Fed.R.Civ.P. 72(a).