UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

ROBERT L. SWINTON, JR.,

                                         Plaintiff,

             v.

LIVINGSTON COUNTY,
LIVINGSTON COUNTY JAIL,
MONROE COUNTY,
MONROE COUNTY JAIL,
NURSE SCHINSKI,
NURSE YUNKER,
CHIEF DEPUTY YASSO,
CORPORAL SLOCUM, and
DEPUTY FORRESTER,

                                       Defendants.
_____

|                  |                                                    |
|------------------|----------------------------------------------------|
|                  | **DECISION**<br>**and**<br>**ORDER**               |
|                  | 15-CV-00053A(F)                                    |

APPEARANCES:         ROBERT L. SWINTON, JR., *Pro Se*
                             Steuben County Jail
                             7007 Rumsey Street Ext.
                             Bath, New York  14810

                             WEBSTER SZANYI, LLP
                             Attorneys for Defendants
                             MICHAEL P. McCLAREN, and
                             RYAN G. SMITH, of Counsel
                             1400 Liberty Building
                             Buffalo, New York  14202

## JURISDICTION

In this prisoner civil rights case Plaintiff alleges an 8th Amendment violation

against Defendants Schinski and Yunker, Livingston County Jail nurses, based on the

failure to treat Plaintiff's abscessed tooth and a 1st Amendment violation against

Defendant's Yasso, Slocum, and Forrester, Livingston County Jail deputies, based on

inadequate access to law library materials to enable Plaintiff to prosecute claims

directed to a prior state conviction.  For relevant background and facts related to

Plaintiff's claim in this action, see the court's Decision and Order filed March 17, 2016,

Dkt. 76, at 2-4, affirmed by District Judge Arcara on July 12, 2016, Dkt. 104, upon

Plaintiff's objections, Dkt. 78.

      Before the court is Defendants' motion filed February 26, 2016, to consolidate

this action with a related case, *Swinton v. Unknown United States Marshal Service*

*Supervisors*, 15-CV-46A(F), in which Plaintiff asserted claims identical to the instant

action albeit as a *Bivens* action against federal actors ("the Related Action") based on

Plaintiff's status as a federal prisoner (detainee) awaiting trial on a narcotics trafficking

indictment (Dkt. 74) ("Defendants' motion to consolidate").  Also before the court is

Defendants' motion to compel Plaintiff's production of documents relevant to Plaintiff's

claims, particularly notes contemporaneously created by Plaintiff purporting to

document some of Defendants' actions relevant to Plaintiff's claims, Dkt. 74-1 ¶ 18

(referencing Dkt. 71 ¶ 1) ("Defendants' motion to compel"), and Defendants' motion to

amend the Scheduling Order, (Dkt. 32) requiring, *inter alia*, that discovery conclude

January 4, 2016 and that motions to compel be filed by December 1, 2016

("Defendants' motion to amend").  In Defendants' motion to amend, Defendants

proposed that discovery conclude April 8, 2016, motions to compel be filed by April 8,

2016, and that dispositive motions be filed by June 3, 2016. Dkt. 74-3.  By papers filed

March 21, 2016, Plaintiff filed Plaintiff's Declaration and Response, Dkt. 77, stating

Plaintiff's "conditional" objection to Defendants' motion to consolidate, objected to

Defendants' document requests contending that the documents sought by Defendants

constitute "work product" and as such are protected against production citing

Fed.R.Evid. 502(g)(2).  Dkt. 77 at 1.  Plaintiff also opposed Defendants' motion to

amend stating that Plaintiff could "see no valid reason why disclosure [*sic*] should be

extended" as the requested documents can be obtained by Defendant Yasso, as a

Livingston County Jail Deputy Chief.  Dkt. 77 at 2.  In Defendants' Reply, Dkt. 80,

Defendants maintain Plaintiff acknowledges consolidation may be proper in this case,

Dkt. 80 ¶ 3, Plaintiff failed to timely respond to Defendants' requests with objections,

Dkt. 80 ¶ 4, that Plaintiff never served a timely privilege log asserting any work product

privilege, *id.* ¶ 5, and that Plaintiff's failure to respond to Defendants' document request

has prevented conducting Plaintiff's deposition justifying that the Scheduling Order be

amended.  On April 15, 2016, Plaintiff filed, without leave, Plaintiff's Declaration (Dkt.

85) as additional opposition to Defendants' motion to compel in which Plaintiff reasserts

that Defendants have access to the documents withheld by Plaintiff, Dkt. 85 ¶¶ 203, and

that granting Defendants' motion to compel will result in "spoliation" of Plaintiff's

evidence.  Plaintiff also requests that Defendants provide disclosure of materials

undefined by Plaintiff.  Dkt. 85 ¶ 4.

1.      **Defendants' Motion to Consolidate**.

Since Defendants' motion to consolidate was filed, by order filed July 8, 2016,

Judge Arcara dismissed with prejudice the Related Action, Dkt. 17, ("Judge Arcara's

Order"); on August 2, 2016, Plaintiff filed a Notice of Appeal to the Second Circuit Court

of Appeals of Judge Arcara's Order, Dkt. 19.  It is basic that upon the filing of a notice of

an appeal the district court loses jurisdiction over a matter.  *N.Y. State Nat'l Org. for*

*Women v. Terry*, 886 F.2d 1339, 1349 (2d Cir. 1989).  As the Related Action is no

longer before the court, there is no action to consolidate pursuant to Fed.R.Civ.P. 42(a)

with the instant action.  Accordingly, Defendants' motion to consolidate must be
DISMISSED as moot.  However, should, for some reason, the Second Circuit remand
the Related Action for further proceedings, Defendants may renew Defendants' motion
to consolidate.

**2.      Defendants' Motion to Compel**.

Pursuant to Fed.R.Civ.P. 26(b)(1), discovery of any non-privileged matter is
permitted if relevant to a party's claims or defenses and proportional to the needs of the
case.  In the absence of a timely objection filed with a response to a valid request for
document production served pursuant to Fed.R.Civ.P. 34(a), an objection based on a
lack of relevancy or any other grounds, including privilege, is waived.  *See Land Ocean
Logistics, Inc. v. Aqua Gulf Corp.,* 181 F.R.D. 229, 237 (W.D.N.Y. 1998) (failure to
timely respond to document request pursuant to Fed.R.Civ.P. 34(b) waives possible
objections).  Further, privileges timely asserted are also waived if a responding party
fails to serve a privilege log required by Fed.R.Civ.P. 26(b)(5)(A)(i), (ii) (requiring a
description of a withheld material as privileged or "protection as trial-preparation
material" sufficient to enable other parties to "assess the claim") ("Rule 26(b)(5)(A)").
*See Robbins & Myers, Inc. v. J.M. Huber Corp.*, 274 F.R.D. 63, 99 (W.D.N.Y. 2011)
(failure to timely serve privilege log, required by Rule 26(b)(5)(A), waives asserted
privilege or other protection against disclosure) (citing caselaw).  Additionally, the work-
product doctrine is limited to material prepared by a party, or a party's agent, "in
anticipation of litigation," Fed.R.Civ.P. 26(b)(3)(A), and may be discoverable upon
showing of substantial need, *i.e.*, if it is not available through other means.  *Id.*  Finally, it
is established law that *pro se* litigants, like those represented by attorneys, are equally

obliged to comply with discovery requirements under the Federal Rules of Civil

Procedures, *see Agiwal v. Mid Island Mortgage Corp.*, 555 F.3d 298, 302 (2d Cir. 2009)

(citing *Valentine v. Museum of Modern Art*, 29 F.3d 47, 50 (2d Cir. 1994)), and, as

relevant to Plaintiff's assertions of work-product-protection, a party withholding

responsive discovery on the ground of privilege or similar protection carries the burden

to establish such privilege and the absence of a waiver.  *See Robbins & Myers, Inc.*,

274 F.R.D. at 83 (citing *United States v. Int'l Bd. of Teamsters*, 119 F.3d 210, 214 (2d

Cir. 1997) (citing *In re Grand Jury Subpoena Duces Tecum Dated September 15, 1983,*

731 F.2d 1032, 1036 (2d Cir. 1984))).  Here, Plaintiff's refusal to provide responsive

documents fails for several reasons.

    First, based on Plaintiff's failure to timely respond to Defendants' requests,

Plaintiff waives any objections based on work-product protections.  *See Land Ocean*

*Logistics, Inc.*, 181 F.R.D. at 237.  Second, Plaintiff also failed to serve a privilege log in

conformity with Rule 26(b)(5)(A).  *See Robbins & Myers, Inc.*, 274 F.R.D. at 99.  Third,

even if not waived, Plaintiff's work-product protection argument fails for the obvious

reason that at least some of the documents in question were prepared by Plaintiff

contemporaneously as the underlying events involving Plaintiff and Defendants

transpired before the likelihood of litigation was an established fact and thus could not

have been created "because of the prospect of litigation," a prerequisite for protection

under Fed.R.Civ.P. 26(b)(3)(A).  *See United States v. Adlman,* 134 F.3d 1194, 1195 (2d

Cir. 1998) (document protected as work product if "in light of the nature of the document

and the factual situation in the particular case, the document can fairly be said to have

been prepared or obtained **because of** the prospect of litigation") (emphasis in original).

5

Based on the record, Plaintiff fails to demonstrate how the withheld documents were,

under the test established in *Adlman*, prepared in anticipation, *i.e.*, because, of litigation

by Plaintiff in this or any other case.   Contemporaneously created documents such as

personal diaries or logs are generally relevant and do not constitute work-product.   *See*

*Rexford v. Olczak*, 176 F.R.D. 90, 92-93 (W.D.N.Y. 1997) (plaintiff's diaries covering

period prior to time defendant advised plaintiff no longer under consideration for position

giving rise to "real possibility" of plaintiff's Title VII claim not protected as work product

under Rule 26(b)(3)).   In this case, Plaintiff provides no evidence to support that

withheld documents were created by Plaintiff based on Plaintiff's interactions with

Defendants because of the probability that Plaintiff was likely to commence litigation, as

is Plaintiff's burden.   Accordingly, on this record, there is no basis upon which to find

any of the documents Plaintiff acknowledges withholding come within the scope of Rule

26(b)(c) as protected work-product.

Plaintiff's alternative contention that because Defendant, through Defendant

Yasso's use of his power as a jail guard, can enter Plaintiff's cell and seize the

requested documents also fails.   It is well-established that a responding party is not

excused from producing responsive documents requested pursuant to Rule 34(a) on the

ground that the requesting party may have access to the requested documents.   *See*

*Land Ocean Logistics*, 181 F.R.D. at 240 (citing caselaw).   It is also disingenuous for

Plaintiff to refuse to provide responsive documents by suggesting Defendants engage in

a form of 'self-help' calculated to invite Defendants to incur the risk of being accused by

Plaintiff of 4th Amendment violations and consequential litigation based on an improper

cell entry by Defendant Yasso.

Finally, Plaintiff's belated concern that production of the requested documents will result in their "spoliation," can be ameliorated by Plaintiff retaining a copy or the originals of such documents.  Plaintiff's further request that Defendants be required to provide undefined disclosures is not in the form of a motion and thus requires no action at this time.

**3**.   **Defendants' Scheduling Order Amendment Request**.

Defendants also request, pursuant to Fed.R.Civ.P. 16(b) ("Rule 16(b)"), that the present Scheduling Order, Dkt. 32, be amended to accommodate the delays in completing discovery and dispositive motion practice occasioned by Plaintiff's refusal to produce documents which is the subject of Defendants' motion to compel.  Rule 16(b) requires good cause, *i.e.*, that the present deadline cannot be met despite the exercise of due diligence.  *Grochowski v. Phoenix Const.*, 318 F.3d 80, 86 (2d Cir. 2003) (finding of good cause to amend scheduling order is dependent on diligence of moving party).  Here, Plaintiff's failure to produce the requested documents, which has impeded Defendants' ability to schedule and conduct Plaintiff's deposition, and the resulting delay in resolving Defendants' motion to compel amply establish good cause.  Plaintiff's opposition provides no reasons to find otherwise, and Plaintiff fails to point to any undue prejudice Plaintiff may suffer in the event the time to complete discovery is enlarged as Defendants request.  The court notes Plaintiff has, since Defendants' motions were filed, filed several motions seeking leave to file an amended complaint, Dkt. 84, discovery from Defendants, Dkt. 109, leave to serve a Second Set of Interrogatories, Dkt. 88, and to take notice of Adjudicative Facts, Dkt. 91, despite the close of discovery on January 4, 2016 as required by the present Scheduling Order.  In these

circumstances, an amended scheduling order is warranted in this case.  Accordingly,

Defendants' motion to amend should be GRANTED and an Amended Scheduling Order

will be filed contemporaneously with this Decision and Order.

## CONCLUSION

Based on the foregoing, Defendants' motions, Dkt. 74, is DISMISSED in part as

moot; and GRANTED in part.  Plaintiff shall provide the original or copies of all

documents responsive to Defendants' request within 45 days of this Decision and

Order.  PLAINTIFF IS ADVISED THAT FAILURE TO COMPLY WITH THIS DECISION

AND ORDER MAY RESULT IN SANCTIONS PURSUANT TO FED.R.CIV.P.

37(b)(2)(A) INCLUDING PRECLUSION AND DISMISSAL OF THE ACTION WITH

PREJUDICE.

SO ORDERED.

/s/ *Leslie G. Foschio*

_____
LESLIE G. FOSCHIO
UNITED STATES MAGISTRATE JUDGE

Dated:  October 26, 2016
        Buffalo, New York


**Any appeal of this Decision and Order must be taken by filing written objection with the Clerk of Court not later than 14 days after service of this Decision and Order in accordance with Fed.R.Civ.P. 72(a).**